### HOCKMAN v. SHREVE.

(Court of Appeals of District of Columbia. Submitted October 7, 1920. Decided November 8, 1920.)

#### No. 3344.

Landlord and tenant ☞94 (4) —Delivery of notice to quit to son at tenant's request sufficient.

> Where the landlord took a notice to quit to the premises and there delivered it to the tenant's 17 year old son at the request of tenant, who came to the head of the stairs, but stated she was too ill to come down, but to send the paper by her son, and the notice was thereafter immediately delivered to her by her son, there was substantial compliance with the requirement of Code of Law 1901, § 1223, that service be made personally on the tenant.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Richard S. Shreve, as landlord, against Gertrude K. Hockman, as tenant, to recover possession of premises. Judgment for the landlord in the Supreme Court, on appeal from the municipal court, and the tenant appeals. Affirmed.

J. I. Peyser and Geo. E. Edelin, both of Washington, D. C., for appellant.

W. E. Lester, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District in a landlord and tenant proceeding originating in the municipal court, and for which judgment for possession was awarded appellee in each court.

Suit was instituted on October 3, 1919; appellee alleging that he was the owner of the premises, in the employ of the United States government, and necessarily required the premises for himself and family. Appellant filed what, in effect, was a general denial, and further contended that the notice to vacate was insufficient. When

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the case was reached for trial in the Supreme Court, the Ball Rent Act had been enacted; but the court already had acquired jurisdiction of the case.

Section 1223 of the Code provides that the notice to vacate shall be served upon the tenant personally—

"if he can be found, and if he cannot be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises."

In the present case, appellee called at the premises and was admitted by appellant's son, a boy of about 17 years. When appellee inquired for appellant—

"she came to the head of the steps, called down, saying that she was ill, and could not come down stairs, but to send the paper I told her I had for her, by her said son."

This was done, and appellant testified in the municipal court that the son immediately handed her the notice. The objection to this notice is too trivial to receive further consideration. There was a substantial compliance with the statute, and as no defense was made, even under the Ball Act (which this court has declared unconstitutional), the judgment must be affirmed in any event.

Judgment affirmed, with costs.

Affirmed.